U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

NOV 1 9 2012

CLERK, U.S. DISTRICT COURT
By _____
    Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

UNITED STATES OF AMERICA          §
                                  §
VS.                               §    NO. 4:12-CV-463-A
                                  §    (NO. 4:08-CR-185-A)
                                  §
SERGIO PEREZ                      §

MEMORANDUM OPINION
and
ORDER

Came on to be considered the motion of movant, Sergio Perez,

under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence.

After filing his original motion, the court granted movant's

motion to file a supplemental motion, adding an additional claim.

The government filed responses to the original and supplemental

motions, and movant filed a reply.  Having now considered all of

the parties' filings, the entire record of this case, and

applicable legal authorities, the court concludes that the motion

should be denied.

I.

Background

On January 23, 2009, movant pleaded guilty to one count of

conspiracy to possess with intent to distribute a controlled

substance in violation of 21 U.S.C. §§ 846 and 841(a)(1) and

(b)(1)(A).  On May 8, 2009, the court sentenced movant to 235

months' imprisonment, followed by a five-year term of supervised release.  The United States Court of Appeals for the Fifth Circuit affirmed, United States v. Perez, 442 F. App'x 952 (5th Cir. 2011), and the Supreme Court denied certiorari.

II.

### Grounds of the Motion

Movant asserted five grounds for relief, all alleging that he was denied effective assistance of counsel by his attorney, Shawn Matlock ("Matlock").[1]  As to the first ground, movant alleged that Matlock was ineffective because he advised movant that by pleading guilty he would receive a lesser sentence; however, Matlock failed to secure a proper plea agreement, and movant received the same sentence as if he had proceeded to trial.

The second ground complains that Matlock was ineffective for failing at sentencing to renew objections to the presentence report and for not objecting to the court's failure to resolve objections on the record.

The third ground is a complaint that Matlock failed to fully

---

[1]Movant was originally represented by the federal public defender's office.  Movant retained attorney Richard Alley, and later retained Shawn Matlock to replace Alley.  The motion does not specify which attorney is the subject of movant's complaints.  However, as Matlock represented movant during the proceedings pertinent to the motion, it appears movant intended to complain about the representation provided by Matlock.

investigate a prior plea offer that included a lesser sentence. As to the fourth ground movant claims that Matlock failed to convey to him all of the elements of the offense to which he pleaded guilty and failed to advise movant that he was pleading guilty to relevant conduct.

Finally, in his fifth ground movant claims that Matlock failed to object when counsel for movant's codefendant, Jesse Cruz ("Cruz"), did not allow Cruz to testify at the sentencing hearing, depriving movant of the opportunity to cross-examine Cruz regarding statements he made in the presentence report that contributed to movant's sentence.

### III.

### Treatment of § 2255

After conviction and exhaustion of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. United States v. Frady, 456 U.S. 152, 164 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991) (en banc). A defendant can challenge his conviction or sentence after it is presumed final only on issues of constitutional or jurisdictional magnitude and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice"

3

resulting from the errors.  <u>Shaid</u>, 937 F.2d at 232.   Section 2255

does not offer recourse to all who suffer trial errors, but is

reserved for transgressions of constitutional rights and other

narrow injuries that could not have been raised on direct appeal

but, if condoned, would result in a complete miscarriage of

justice.  <u>United States v. Capua</u>, 656 F.2d 1033, 1037 (5th Cir.

Unit A Sept. 21, 1981).

IV.

<u>None of the Grounds Has Merit</u>

A.   <u>Applicable Legal Standards</u>

To prevail on a claim of ineffective assistance of counsel,

movant must show that (1) counsel's performance fell below an

objective standard of reasonableness and (2) there is a

reasonable probability that, but for counsel's unprofessional

errors, the result of the proceedings would have been different.

<u>Strickland v. Washington</u>, 466 U.S. 668, 688, 694 (1984).

Both prongs of the <u>Strickland</u> test must be met to

demonstrate ineffective assistance; however, both prongs need not

be considered if movant makes an insufficient showing as to one.

<u>Strickland</u>, 466 U.S. at 687, 697.  Judicial scrutiny of this type

of claim must be highly deferential, and movant must overcome a

strong presumption that counsel's conduct falls within the wide

4

range of reasonable professional assistance. <u>Id.</u> at 689. The
court must make "every effort . . . to eliminate the distorting
effects of hindsight, to reconstruct the circumstances of
counsel's challenged conduct, and to evaluate the conduct from
counsel's perspective at the time." <u>Id.</u> Counsel should be
"strongly presumed to have rendered adequate assistance and made
all significant decisions in the exercise of reasonable
professional judgment." <u>Id.</u> at 690.

Here, movant is entitled to no relief based on the alleged
ineffective assistance of counsel because he has failed to meet
the standard set forth by <u>Strickland</u>.

B.    <u>Merits</u>

Movant's first contention, that Matlock failed to secure a
proper plea agreement and that movant received the same sentence
he would have received had he proceeded to trial, is entirely
conclusory.  Movant does not allege what he contends Matlock
should have done differently, nor does he make a showing that
Matlock could have done anything as would have changed the
outcome of the proceeding.

Movant does not contend that he was promised a particular
sentence in exchange for his guilty plea, and any such claim
would be contradicted by the record.  At his rearraignment

5

the court informed movant that the court would determine the
sentence, and asked movant if anyone had made any promises or
assurances of any kind to induce his guilty plea; movant
responded "[n]o, Your Honor." Rearraignment Tr. at 47.
Further, to show prejudice in the context of a guilty plea,
movant "must show that there is a reasonable probability that,
but for counsel's errors, he would not have pleaded guilty and
would have insisted on going to trial." Hill v. Lockhart, 474
U.S. 52, 59 (1985) (citations omitted).  Movant fails to make
such a showing.

The court also questioned movant at length about the
information provided to him by Matlock concerning his guilty
plea.  Movant admitted that he and Matlock had discussed the
factual resume and cooperation agreement, and that he understood
the documents before signing them.  Rearraignment Tr. at 38.
Following the reading of the stipulated facts in the factual
resume, the court asked movant if the facts were true, and movant
answered affirmatively.  Id. at 41.  Based on everything in the
record, the court expressly found that movant's guilty plea was
knowing and voluntary.  Id. at 52.  Nothing alleged in the motion
has persuaded the court otherwise.

Nor was Matlock ineffective for failing to renew his

objection to the presentence report.  First, movant overlooked that Matlock persisted in his objection to the drug quantity. That the objection was unsuccessful is not grounds for a claim of ineffective assistance.  Youngblood v. Maggio, 696 F.2d 407, 410 (5th Cir. 1983).

Second, in an order signed May 4, 2009, the court informed movant of the court's tentative conclusion that the objections to the presentence report were without merit, and that such frivolous objections had caused the court to tentatively conclude that movant should not receive any reduction for acceptance of responsibility.  Matlock was not ineffective for not continuing to pursue a meritless objection.  Emery v. Johnson, 139 F.3d 191, 198 (5th Cir. 1997).  Nor is there any merit to movant's claim that Matlock was ineffective for not objecting to the court's failure to place in the record the resolution of movant's objections to the presentence report.  During sentencing the court expressly informed movant:  "I overrule the objection." Sentencing Tr. at 29.  The second ground lacks merit.

Nor can movant prevail on his third claim, that Matlock failed to fully investigate a prior plea offer.  Movant claims that a prior plea offer was made for seven to ten years, but the plea lapsed due to Matlock's failure to investigate the case.

7

However, movant claims that Alley, his first retained attorney, was the attorney that discussed the earlier plea agreement. Movant does not contend he ever informed Matlock of the purported plea agreement, although if such an offer was made, it would have been wholly within movant's knowledge. This claim is further contradicted by the record, as movant testified in his rearraignment hearing that he understood he faced a minimum sentence of ten years, and that no one had made any promise to him as to a possible sentence. Movant's third ground fails.

The record also fails to support movant's fourth ground. Movant testified that he had read and understood the indictment and factual resume, he signed the factual resume, and he understood the charges against him. Rearraignment Tr. at 37-38. The court read all of the elements of the charged offense, and movant testified that he understood the elements and that the facts supporting such elements were true. Id. at 40-41. The court also informed movant that he could consider facts not stipulated and disregard stipulated facts in assessing movant's punishment, thus putting movant on notice that the court could consider conduct outside that described in the factual resume. Movant's fourth ground is without merit.

Movant's fifth and final ground likewise affords him no

8

relief.   Certain statements made by movant's codefendant, Cruz, were used in movant's presentence report to compute movant's total drug quantity.   At sentencing the court informed Cruz's counsel that the court would like to hear from Cruz; however, Cruz's counsel declined to have him testify.   Movant now contends that Matlock's failure to object when Cruz's counsel refused to allow him to testify constituted ineffective assistance by depriving movant of his right to cross-examine witnesses against him.   However, the right to confront witnesses does not extend to sentencing.   United States v. Beydoun, 469 F.3d 102, 108 (5th Cir. 2006).   Matlock did not render ineffective assistance by failing to make a meritless objection.   Emery, 139 F.3d at 198.

Therefore,

The court ORDERS that the motion of Sergio Perez to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the

denial of a constitutional right.

SIGNED November 19, 2012.

_____
JOHN McBRYDE
United States District Judge