Case 4:12-cv-00463-A Document 13 Filed 11/19/12 Page 1 of 10 PageID 84

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

NOV 19 2012

CLERK, U.S. DISTRICT COURT
By _____
            Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| VS. § | NO. 4:12-CV-463-A |
| § | (NO. 4:08-CR-185-A) |
| § | |
| SERGIO PEREZ § | |

MEMORANDUM OPINION
and
ORDER

Came on to be considered the motion of movant, Sergio Perez, under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. After filing his original motion, the court granted movant's motion to file a supplemental motion, adding an additional claim. The government filed responses to the original and supplemental motions, and movant filed a reply. Having now considered all of the parties' filings, the entire record of this case, and applicable legal authorities, the court concludes that the motion should be denied.

I.

Background

On January 23, 2009, movant pleaded guilty to one count of conspiracy to possess with intent to distribute a controlled substance in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A). On May 8, 2009, the court sentenced movant to 235

months' imprisonment, followed by a five-year term of supervised release. The United States Court of Appeals for the Fifth Circuit affirmed, <u>United States v. Perez</u>, 442 F. App'x 952 (5th Cir. 2011), and the Supreme Court denied certiorari.

## II.

### Grounds of the Motion

Movant asserted five grounds for relief, all alleging that he was denied effective assistance of counsel by his attorney, Shawn Matlock ("Matlock").[1] As to the first ground, movant alleged that Matlock was ineffective because he advised movant that by pleading guilty he would receive a lesser sentence; however, Matlock failed to secure a proper plea agreement, and movant received the same sentence as if he had proceeded to trial.

The second ground complains that Matlock was ineffective for failing at sentencing to renew objections to the presentence report and for not objecting to the court's failure to resolve objections on the record.

The third ground is a complaint that Matlock failed to fully

---

[1] Movant was originally represented by the federal public defender's office. Movant retained attorney Richard Alley, and later retained Shawn Matlock to replace Alley. The motion does not specify which attorney is the subject of movant's complaints. However, as Matlock represented movant during the proceedings pertinent to the motion, it appears movant intended to complain about the representation provided by Matlock.

investigate a prior plea offer that included a lesser sentence. As to the fourth ground movant claims that Matlock failed to convey to him all of the elements of the offense to which he pleaded guilty and failed to advise movant that he was pleading guilty to relevant conduct.

Finally, in his fifth ground movant claims that Matlock failed to object when counsel for movant's codefendant, Jesse Cruz ("Cruz"), did not allow Cruz to testify at the sentencing hearing, depriving movant of the opportunity to cross-examine Cruz regarding statements he made in the presentence report that contributed to movant's sentence.

III.

Treatment of § 2255

After conviction and exhaustion of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. United States v. Frady, 456 U.S. 152, 164 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991) (en banc). A defendant can challenge his conviction or sentence after it is presumed final only on issues of constitutional or jurisdictional magnitude and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice"

resulting from the errors. Shaid, 937 F.2d at 232. Section 2255 does not offer recourse to all who suffer trial errors, but is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal but, if condoned, would result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 21, 1981).

IV.

None of the Grounds Has Merit

A. Applicable Legal Standards

To prevail on a claim of ineffective assistance of counsel, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 688, 694 (1984).

Both prongs of the Strickland test must be met to demonstrate ineffective assistance; however, both prongs need not be considered if movant makes an insufficient showing as to one. Strickland, 466 U.S. at 687, 697. Judicial scrutiny of this type of claim must be highly deferential, and movant must overcome a strong presumption that counsel's conduct falls within the wide

range of reasonable professional assistance. <u>Id.</u> at 689. The court must make "every effort . . . to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." <u>Id.</u> Counsel should be "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." <u>Id.</u> at 690.

Here, movant is entitled to no relief based on the alleged ineffective assistance of counsel because he has failed to meet the standard set forth by <u>Strickland</u>.

B.  <u>Merits</u>

Movant's first contention, that Matlock failed to secure a proper plea agreement and that movant received the same sentence he would have received had he proceeded to trial, is entirely conclusory. Movant does not allege what he contends Matlock should have done differently, nor does he make a showing that Matlock could have done anything as would have changed the outcome of the proceeding.

Movant does not contend that he was promised a particular sentence in exchange for his guilty plea, and any such claim would be contradicted by the record. At his rearraignment

5

the court informed movant that the court would determine the sentence, and asked movant if anyone had made any promises or assurances of any kind to induce his guilty plea; movant responded "[n]o, Your Honor." Rearraignment Tr. at 47. Further, to show prejudice in the context of a guilty plea, movant "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985) (citations omitted). Movant fails to make such a showing.

The court also questioned movant at length about the information provided to him by Matlock concerning his guilty plea. Movant admitted that he and Matlock had discussed the factual resume and cooperation agreement, and that he understood the documents before signing them. Rearraignment Tr. at 38. Following the reading of the stipulated facts in the factual resume, the court asked movant if the facts were true, and movant answered affirmatively. Id. at 41. Based on everything in the record, the court expressly found that movant's guilty plea was knowing and voluntary. Id. at 52. Nothing alleged in the motion has persuaded the court otherwise.

Nor was Matlock ineffective for failing to renew his

objection to the presentence report. First, movant overlooked that Matlock persisted in his objection to the drug quantity. That the objection was unsuccessful is not grounds for a claim of ineffective assistance. Youngblood v. Maggio, 696 F.2d 407, 410 (5th Cir. 1983).

Second, in an order signed May 4, 2009, the court informed movant of the court's tentative conclusion that the objections to the presentence report were without merit, and that such frivolous objections had caused the court to tentatively conclude that movant should not receive any reduction for acceptance of responsibility. Matlock was not ineffective for not continuing to pursue a meritless objection. Emery v. Johnson, 139 F.3d 191, 198 (5th Cir. 1997). Nor is there any merit to movant's claim that Matlock was ineffective for not objecting to the court's failure to place in the record the resolution of movant's objections to the presentence report. During sentencing the court expressly informed movant: "I overrule the objection." Sentencing Tr. at 29. The second ground lacks merit.

Nor can movant prevail on his third claim, that Matlock failed to fully investigate a prior plea offer. Movant claims that a prior plea offer was made for seven to ten years, but the plea lapsed due to Matlock's failure to investigate the case.

However, movant claims that Alley, his first retained attorney, was the attorney that discussed the earlier plea agreement. Movant does not contend he ever informed Matlock of the purported plea agreement, although if such an offer was made, it would have been wholly within movant's knowledge. This claim is further contradicted by the record, as movant testified in his rearraignment hearing that he understood he faced a minimum sentence of ten years, and that no one had made any promise to him as to a possible sentence. Movant's third ground fails.

The record also fails to support movant's fourth ground. Movant testified that he had read and understood the indictment and factual resume, he signed the factual resume, and he understood the charges against him. Rearraignment Tr. at 37-38. The court read all of the elements of the charged offense, and movant testified that he understood the elements and that the facts supporting such elements were true. Id. at 40-41. The court also informed movant that he could consider facts not stipulated and disregard stipulated facts in assessing movant's punishment, thus putting movant on notice that the court could consider conduct outside that described in the factual resume. Movant's fourth ground is without merit.

Movant's fifth and final ground likewise affords him no

relief. Certain statements made by movant's codefendant, Cruz, were used in movant's presentence report to compute movant's total drug quantity. At sentencing the court informed Cruz's counsel that the court would like to hear from Cruz; however, Cruz's counsel declined to have him testify. Movant now contends that Matlock's failure to object when Cruz's counsel refused to allow him to testify constituted ineffective assistance by depriving movant of his right to cross-examine witnesses against him. However, the right to confront witnesses does not extend to sentencing. United States v. Beydoun, 469 F.3d 102, 108 (5th Cir. 2006). Matlock did not render ineffective assistance by failing to make a meritless objection. Emery, 139 F.3d at 198.

Therefore,

The court ORDERS that the motion of Sergio Perez to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the

9

denial of a constitutional right.

SIGNED November 19, 2012.

_____
JOHN McBRYDE
United States District Judge